## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

EARL BETTERSON, JR.,

                       Petitioner,

     v.

MICHELLE RICCI, et al.,

                    Respondents.

**Hon. Stanley R. Chesler**

Civil No. 09-5729 (SRC)

**OPINION**

**APPEARANCES:**

     EARL BETTERSON, JR., #212948C
     New Jersey State Prison
     P.O. Box 861
     Trenton, New Jersey 08625
     Petitioner Pro Se

**CHESLER, District Judge**

Earl Betterson, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Morris County, on February 5, 2005. For the reasons expressed below, and because the Petition, as drafted and read in light of the pertinent state court decisions (available electronically), shows that the claims are time barred, this Court will dismiss the Petition and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Morris County, on February 5, 2005, after Petitioner "pled guilty to an amended charge on Count One of first-degree aggravated manslaughter, and to Count Nine [second-degree eluding] in exchange for the State dismissing the balance of the charges and

recommending a prison term of thirty years on the aggravated manslaughter charge and a consecutive sentence of five years on the eluding charge." State v. Betterson, 2009 WL 1650344 (N.J. Super. Ct., App. Div., Jun. 15, 2009). On February 5, 2005, the Law Division sentenced Petitioner to a 30-year term of imprisonment for aggravated manslaughter and a concurrent five-year term for eluding. Id. at *1. Petitioner did not file a direct appeal. Id.

Petitioner filed a pro se state petition for post-conviction relief on June 4, 2007, arguing: (1) trial counsel provided ineffective assistance at sentencing "because his attorney did not contest the aggravating factors found by the court, did not correct an error in his prior criminal record, and never challenged the overall thirty-year sentence imposed on the conviction of aggravated manslaughter" Betterson at *3; (2) counsel provided ineffective assistance in failing to file a motion to suppress Petitioner's statement; and (3) the trial court erred in denying an evidentiary hearing, id. at *1-*2. The Law Division denied relief by order filed February 25, 2008. Id. Petitioner appealed. The Appellate Division affirmed the order denying post-conviction relief in an opinion filed June 15, 2009, substantially for the reasons expressed by the Law Division, but noting (1) Petitioner was procedurally barred from collaterally challenging the sentence through a petition for post-conviction relief and (2) the challenge to the sentence "is without merit as defendant received the sentence negotiated for in his plea agreement." Id. at *3. The New Jersey Supreme Court denied certification on October 8, 2009. See State v. Betterson, 200 N.J. 475 (2009) (table).

Petitioner executed the § 2254 Petition, which is presently before this Court, on November 7, 2009. The Petition raises three grounds:

2

Ground One:  THE PCR COURT ERRED WHEN IT FAIL[ED] TO GRANT DEFENDANT A NEW SENTENCING HEARING AS RESULT OF TRIAL COUNSEL PROVIDING DEFENDANT WITH INEFFECTIVE ASSISTANCE AT THE INITIAL SENTENC[ING] HEARING.

Ground Two: THE PCR COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING ON THE ADMISSIBILITY OF DEFENDANT'S STATEMENT WHICH WOULD HAVE SHOWN DEFENDANT WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS THE STATEMENT.

Ground Three:  THE PCR COURT  ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING.

(Pet. Grounds One-Three at pp. 4-5.)

## II.  DISCUSSION

### A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State

3

court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B. Statute of Limitations

Prior to substantively examining the Petition or ordering an answer, this Court will determine whether the face of the Petition, together with the relevant state court decisions (which are electronically available), show that the Petition is time barred.  See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition or pled as an affirmative defense); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims
>  presented could have been discovered through the exercise of due
>  diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory

tolling and equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v.

N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires

statutory tolling under the following circumstances:  "The time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and

accepted by, the appropriate court officer for placement into the official record."  Artuz v.

Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

>  And an application is "*properly* filed" when its delivery and
>  acceptance are in compliance with the applicable laws and rules
>  governing filings.  These usually prescribe, for example, the form
>  of the document, the time limits upon its delivery, the court and
>  office in which it must be lodged, and the requisite filing fee . . . .
>  In some jurisdictions the filing requirements also include, for
>  example, preconditions imposed on particular abusive filers, or on
>  all filers generally . . . .  But in common usage, the question
>  whether an application has been "properly filed" is quite separate
>  from the question whether the claims *contained in the application*
>  are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 128 S. Ct. 2 (2007) (petition

for state post-conviction relief that was rejected by the state courts as untimely is not "properly

filed" under § 2244(d)(2), whether the statute of limitations is jurisdictional or an affirmative

defense).  A post-conviction relief application remains pending in state court until "the state

6

courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).[1]

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[2]  Even where extraordinary circumstances exist, however, "[i]f

---

[1] Nor does the petitioner's properly filed motion for discretionary reduction of the sentence, which does not challenge the lawfulness of the sentence, result in statutory tolling. See Hartmann v. Carroll, 492 F. 3d 478 (3d Cir. 2007).

[2] For example, in Urcinoli v. Cathel, 546 F. 3d 269 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit determined that equitable tolling was warranted where the District Court's sua sponte dismissal of the first § 2254 petition as mixed (which dismissal occurred after the one year limitations period had already expired), prevented the petitioner in an
(continued...)

the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner did not file a direct appeal, the one-year limitations period began when the 45-day time limit to file a notice of appeal to the Appellate Division expired. See N.J. Ct. R. 2:4-1(a). Since the judgment of conviction was entered on February 5, 2005, the 45-day period to appeal expired on March 23, 2005. The limitations period began the next day on March 24, 2005. Absent statutory or equitable tolling, the limitations period expired 365 days later on March 24, 2006. See Wilson v. Beard, 426 F.3d 653, 663 (3d Cir. 2005). Since Petitioner did not execute the § 2254 Petition until November 7, 2009, absent statutory or equitable tolling, the Petition is time barred.

Statutory tolling is not available, since Petitioner did not file his pro se state petition for post-conviction relief until June 4, 2007, which is 802 days after the limitations period began to run. See Long, 393 F.3d at 394-95 (state post-conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). Equitable tolling does not appear to be warranted either. First,

---

[2](...continued)
extraordinary way from pursuing his exhausted claims, since the petitioner was not given the option of proceeding only on the exhausted claims. Similarly, in Taylor v. Horn, 504 F. 3d 416, 426-27 (3d Cir. 2007), the Third Circuit affirmed the District Court's ruling that, where the District Court declined to stay a mixed § 2254 petition but noted that Taylor's filing of an exhausted petition would relate back under Federal Rule of Civil Procedure 15(c), equitable tolling was warranted.

nothing in the Petition or the pertinent state court decisions insinuates that Petitioner was

prevented by extraordinary circumstances from pursuing state post-conviction relief prior to the

expiration of the one-year statute of limitations on March 24, 2006.  In addition, Petitioner did

not exercise reasonable diligence in bringing his claims.  Even if the limitations period were

tolled during the time Petitioner's state petition for post-conviction relief was pending (June 4,

2007, through October 8, 2009), Petitioner did not file his § 2254 Petition until 466 days after the

365-day limitations period expired.  Given this long delay and the fact that Petitioner's

substantive grounds are barred by his guilty plea,[3] the interests of justice would not be better

---

[3] As the Supreme Court explained in Tollett v. Henderson, 411 U.S. 258, 267 (1973),

> a guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the
> offense with which he is charged, he may not thereafter raise
> independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea.  He may
> only attack the voluntary and intelligent character of the guilty plea
> by showing that the advice he received from counsel was not
> within the standards set forth in McMann [v. Richardson, 397 U.S.
> 759 (1970)].
>
> A guilty plea, voluntarily and intelligently entered, may not
> be vacated because the defendant was not advised of every
> conceivable constitutional plea in abatement he might have to the
> charge, no matter how peripheral such a plea might be to the
> normal focus of counsel's inquiry.  And just as it is not sufficient
> for the criminal defendant seeking to set aside such a plea to show
> that his counsel in retrospect may not have correctly appraised the
> constitutional significance of certain historical facts, . . . it is
> likewise not sufficient that he show that if counsel had pursued a
> certain factual inquiry such a pursuit would have uncovered a
> possible constitutional infirmity in the proceedings.

Id.

served by addressing the merits of the grounds raised in the Petition. See Day, 547 U.S. at 210.
This Court will therefore dismiss the Petition as time barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid
grounds for statutory and/or equitable tolling, and he might wish to raise these grounds to show
timeliness of his Petition, i.e., to account for the periods from March 24, 2006, through June 4,
2007, and October 9, 2009, through November 7, 2009. See Day, 547 U.S. at 210 (before acting
on timeliness of petition on its own initiative, court must accord Petitioner fair notice and an
opportunity to present his position); Tozer v. Powers, Docket No. 08-2432 (RMB) order
dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).
This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth
detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that
the Petition is not untimely.  This Court will administratively terminate the case for statistical
purposes, but will retain jurisdiction over the Petition during this 30-day period and will reopen
the file to consider Petitioner's arguments in the event that he raises them within the relevant 30-
day period.

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final
order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that
"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
§ 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court
held: "When the district court denies a habeas petition on procedural grounds without reaching
the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

**STANLEY R. CHESLER, U.S.D.J.**

DATED: _____, 2010

11