UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EARL BETTERSON, JR., : | **Hon. Stanley R. Chesler** |
| Petitioner, : | Civil No. 09-5729 (SRC) |
| v. : | |
| MICHELLE RICCI, et al., : | OPINION |
| Respondents. : | |

**APPEARANCES:**

    EARL BETTERSON, JR., #212948C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner Pro Se

**CHESLER, District Judge**

    Earl Betterson, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Morris County, on February 5, 2005. By Order entered January 21, 2010, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file (within 30 days) a statement showing that the Petition is not time barred, and administratively terminated the case, subject to reopening. On February 17, 2010, Petitioner submitted a letter memorandum in which he argues that the Petition should not be considered untimely. For the reasons expressed below, this Court will reconsider whether the Petition is time barred, dismiss the Petition as untimely after reconsideration, and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Morris County, on February 5, 2005, after Petitioner "pled guilty to an amended charge on Count One of first-degree aggravated manslaughter, and to Count Nine [second-degree eluding] in exchange for the State dismissing the balance of the charges and recommending a prison term of thirty years on the aggravated manslaughter charge and a consecutive sentence of five years on the eluding charge." State v. Betterson, 2009 WL 1650344 (N.J. Super. Ct., App. Div., Jun. 15, 2009). On February 5, 2005, the Law Division sentenced Petitioner to a 30-year term of imprisonment for aggravated manslaughter and a concurrent five-year term for eluding. Id. at *1. Petitioner did not file a direct appeal. Id.

Petitioner filed a pro se state petition for post-conviction relief on June 4, 2007, in which he raised the following arguments: (1) trial counsel provided ineffective assistance at sentencing "because his attorney did not contest the aggravating factors found by the court, did not correct an error in his prior criminal record, and never challenged the overall thirty-year sentence imposed on the conviction of aggravated manslaughter" Betterson at *3; (2) counsel provided ineffective assistance in failing to file a motion to suppress Petitioner's statement; and (3) the trial court erred in denying an evidentiary hearing, id. at *1-*2. The Law Division denied relief by order filed February 25, 2008. Id. Petitioner appealed. The Appellate Division affirmed the order denying post-conviction relief in an opinion filed June 15, 2009, substantially for the reasons expressed by the Law Division, but noting (1) Petitioner was procedurally barred from collaterally challenging the sentence through a petition for post-conviction relief and (2) the challenge to the sentence "is without merit as defendant received the sentence negotiated for in

2

his plea agreement." Id. at *3. The New Jersey Supreme Court denied certification on October 8, 2009. See State v. Betterson, 200 N.J. 475 (2009) (table).

Petitioner executed the § 2254 Petition in this case on November 7, 2009. The Petition raises three grounds:

> Ground One: THE PCR COURT ERRED WHEN IT FAIL[ED] TO GRANT DEFENDANT A NEW SENTENCING HEARING AS RESULT OF TRIAL COUNSEL PROVIDING DEFENDANT WITH INEFFECTIVE ASSISTANCE AT THE INITIAL SENTENC[ING] HEARING.
>
> Ground Two: THE PCR COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING ON THE ADMISSIBILITY OF DEFENDANT'S STATEMENT WHICH WOULD HAVE SHOWN DEFENDANT WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS THE STATEMENT.
>
> Ground Three: THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING.

(Pet. Grounds One-Three at pp. 4-5.)

By Order and accompanying Opinion entered January 21, 2010, this Court dismissed the Petition as untimely and denied a certificate of appealability. This Court reasoned that, since Petitioner did not file a direct appeal, the one-year limitations period began on March 24, 2006, which is 46 days after the judgment of conviction was entered on February 5, 2005.[1] This Court observed that statutory tolling was not available, since Petitioner did not file his pro se state petition for post-conviction relief until June 4, 2007, after the one-year statute of limitations period had expired. See Long v. Wilson, 393 F. 3d 390, 394-95 (3d Cir. 2004) (state post-

---

[1] New Jersey Court Rules allow a defendant 45 days to file a notice of appeal to the Appellate Division. See N.J. Ct. R. 2:4-1(a).

3

conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). This Court noted that equitable tolling did not appear to be warranted where nothing in the Petition or the state court decisions insinuated that Petitioner was prevented by extraordinary circumstances from pursuing his rights. Moreover, given the fact that Petitioner's substantive grounds appear to be barred by his guilty plea, see Tollett v. Henderson, 411 U.S. 258, 267 (1973), which Petitioner did not challenge, this Court ruled that the interests of justice would not be better served by addressing the merits of the grounds raised in the § 2254 Petition. See Day, 457 U.S. at 210.

However, this Court permitted Petitioner to submit a statement showing that the Petition is not time barred, and to account for the period from March 24, 2006 (when the 365-day statute of limitations expired), and June 4, 2007 (when Petitioner filed his state petition for post-conviction relief), as well as the period from October 9, 2009 (the day after the New Jersey Supreme Court denied certification on post-conviction relief) and November 7, 2009 (when Petitioner executed his § 2254 Petition).

## II. ANALYSIS

A. Equitable Tolling

In response to this Court's Opinion and Order, Petitioner filed a five-page written letter memorandum dated February 10, 2010. Petitioner argues:

> At first glance, it would appear that petitioner is almost 13 months over the 1-year limitation. However, had Petitioner been properly advise[d] by counsel, Petitioner would have filed a timely Notice of Appeal thus, tolling the clock with respect to Petitioner's 1-year limitation. On the advice of counsel Petitioner was under the impression that once he filed his post-conviction within five (5)

> year[s] any petition for a Writ of Habeas Corpus would not be subjected to dismissal as untimely.
>
>    *      *      *
>
> Petitioner asserts that he was mis-informed by counsel with respect to filing a Notice of Appeal and the filing of Petitioner's petition for post conviction relief and the misrepresentation of counsel presents extraordinary circumstances beyond his control. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005).

(Docket Entry #4 at pp. 4-5.)

Petitioner also submitted to this Court a copy of a letter dated February 4, 2010, from Petitioner to his defense attorney. (Docket Entry #5 at 1.) Petitioner states in the letter: "As you are aware I was sentenced on February 5, 2005, and based on your advice that since I accepted the State's plea offer my best course of action was to file a petition for PCR within the 5-year limitation which was filed on June 4, 2007, as we discussed, the consequences of the Anti-Terrorism Effective Death Penalty Act ("AEDPA") was never explained to me." Id.

The AEDPA statute of limitations is subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2554 (2010) ("We here decide that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"); Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008). "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'" Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

5

When the extraordinary circumstance is attorney error, the Supreme Court has distinguished a "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline," Holland, 130 S. Ct. at 2654 (citations and internal quotation marks omitted), from serious attorney misconduct, such as abandonment of a client facing the death penalty. Compare Holland, 130 S. Ct. at 2565 (where attorney "failed to communicate with his client over a period of years, despite various pleas from [client, and] the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of . . . his death sentence," such gross misconduct constituted extraordinary circumstance); Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering evidentiary hearing as to equitable tolling where petitioner facing the death penalty was effectively abandoned by his lawyer); Seitzinger v. Reading Hosp. and Med. Ctr., 165 F. 3d 236, 237 (3d Cir. 1999) (equitable tolling was appropriate in Title VII case where "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had") with Lawrence v. Florida, 549 U.S. 327 (2007) (holding that "counsel's mistake in miscalculating the limitations period" is not extraordinary circumstance warranting equitable tolling because, "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline");Schlueter v. Varner, 384 F. 3d 69, 77-78 (3d Cir. 2004) (where attorney had allegedly represented that he would file PCR petition, but the prisoner had not taken "affirmative steps to ensure the timely filing of a PCRA petition," and the prisoner did not "attempt to ascertain . . . whether [the attorney], in fact had filed a PCRA petition," the circumstances did not arise to extraordinary level).

In this case, Petitioner argues that equitable tolling is warranted because defense counsel advised Petitioner not to file a direct appeal (which would have tolled the statute of limitations) and counsel failed to advise Petitioner that AEDPA's one-year limitations period began upon the expiration of time to seek direct review. However, such "garden variety" negligence is not an extraordinary circumstance that warrants equitable tolling. See Cristin v. Wolfe, 168 Fed. App'x 508 (3d Cir. 2006) (rejecting petitioner's argument that she was entitled to equitable tolling because counsel never informed her that he was not filing discretionary petition in state's highest court, never explained that she could file a petition for a writ of habeas corpus in federal court, and never explained to her the deadlines for such filing); Martin v. Hurley, 150 Fed. App'x 513 (6th Cir. 2005) (attorney's failure to advise petitioner of ADEPA deadline is not extraordinary circumstance warranting equitable tolling).

Moreover, the interests of justice would not be better served by addressing the merits of his claims. Petitioner essentially raises two claims, neither of which challenge the voluntary and intelligent character of his guilty plea. Petitioner argues that counsel was ineffective at sentencing and that counsel was ineffective in failing to challenge the admissibility of his statement. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea . . . . A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's

7

inquiry." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Because Petitioner's claims are barred by his guilty plea, it is not in the interests of justice to address the merits of those claims.

In this case, Petitioner was not prevented from asserting his claims by extraordinary circumstances, and the interests of justice would not be better served by addressing the merits. See Day, 547 U.S. at 210. This Court will accordingly dismiss the Petition as time barred.

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct. Id.

### III. CONCLUSION

The Court dismisses the Petition as untimely and denies a certificate of appealability.

STANLEY R. CHESLER, U.S.D.J.

DATED: _____, 2010

8